UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE DIVISION

| TRACEY JONES, ET AL | : | DOCKET NO. 3:10-232 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| GEOENGINEERS, INC., ET AL | : | MAGISTRATE JUDGE KIRK |

MEMORANDUM RULING

Before the court is a motion to dismiss (R. #5) filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendants, GeoEngineers, Inc., Greg Adams and David Sauls wherein the movers seek to dismiss all claims (1) under 42 U.S.C. § 1983, (2) by Jarvis Knighten, (3) by plaintiff, Herbert Jerome Johnson and Jarvis Knighten under 42 U. S.C. § 2000e *et seq.* (Title VII"), against David Sauls and Greg Adams under Title VII and Louisiana Revised Statute and § 23:301 *et seq.*, (5) under Louisiana Revised Statute § 51:2231 *et seq.*, and (6) for negligent infliction of emotional distress and/or general negligence in the course and scope of employment. After the briefs were filed in this matter and it was reassigned to the undersigned, the court allowed plaintiffs to file an amended complaint to correct a typographical error regarding 42 U.S.C. § 1981 claims.[1] After the amended complaint was filed, we then allowed defendant to file a supplemental motion to dismiss and granted the parties additional time within which to file their respective briefs. On March 1, 2011, defendants filed a "Supplemental Memorandum in Support of Defendants' 12(b)(6) Motion to Dismiss" (R. #38) which is also before the court and being considered and decided in this ruling.

---

[1] R. #35.

## FACTUAL ALLEGATIONS

Plaintiffs, Tracey Jones, Herbert Jerome Johnson and Jarvis Knighten make the following allegations in their petition for damages.[2] On or about October 24, 2008, Reggie Parent, an employee of GeoEngineers, Inc. ("GeoEngineers") had a "heated" conversation over a football game between Louisiana State University and Georgia that was to be held on October 25, 2008. Plaintiffs were sitting in the GeoEngineer shop along with Leon Birchfield, Reginald Drummer, Reggie Parent, Gary Matthews and another employee, named Jerry. Plaintiffs and Reginald Drummer are black males, and the other persons are white males. During the conversation, Mr. Drummer, a Georgia advocate, advised Mr. Birchfield, an LSU advocate, that if LSU lost, Mr. Birchfield would have to remove the LSU football helmet off of the top of his truck. Mr. Birchfield responded that if LSU lost, he [Birchfield] would have a big surprise for him [Drummer].

Words were exchanged between the two men which led to a confrontation. Mr. Birchfield made the following comment to Mr. Drummer and the plaintiffs: "You don't know me, I'm from Livingston Parish and we hang your type." Plaintiffs allege that they were extremely uncomfortable and greatly offended by this comment and that they "quickly went to their duties."[3]

The following weekend which was after the LSU v. Georgia football game, a hangman's noose was found by Mr. Drummer lying on the ground where the plaintiffs frequented. Parent, and all of the other white employees, including supervisors, laughed as if the noose was a joke.[4]

---

[2] R. #1-2, Notice of Removal,

[3] Petition, ¶ 6.

[4] Id., ¶ 7.

Plaintiffs, Tracey Jones and Herbert Jerome Johnson, were present when the noose was found. Mr. Parent was subsequently arrested for Public Display of a Noose, pursuant to Louisiana Revised Statute 14:40.5.

Plaintiffs complain that defendant Greg Adams, plaintiffs' supervisor, laughed at the noose incident and refused to contact police officials or corporate headquarters. Plaintiffs further complain that defendant, David Sauls, Leon Birchfield and Mr. Adams, all supervisors, made cruel and insulting remarks prior to and after the noose incident which included calling plaintiffs "hoss," "boy," and "nigger."

Plaintiffs concede that after the noose incident, Corporate Headquarters attempted to take remedial measures by authorizing and executing a policy entitled "Our Commitment of Equal Opportunity and a Positive Work Environment" and "Purpose and Values."[5]

Plaintiffs complain that they were forced to enter the building at the back door instead of the front like the white employees, and that they were not allowed a key to the building, nor given a security code for entry as the white employees were given.[6]

Plaintiffs complain the defendants treated white employees more favorably which encouraged others to treat the plaintiffs in a similarly degrading manner.[7] Plaintiffs complain that a white employee referred to Mr. Jones as a "boy," telling him that he had a "smart-ass mouth."[8] Jones requested his immediate supervisor, Jerry, a white male, to discuss with the Assistant Manager,

---

[5] Id., ¶ 12(c).

[6] Id., ¶ 12(d),

[7] Id., ¶ 12(e) and (f).

[8] Id., ¶ 12(g).

3

David, also a white male, regrading the racial epithets. David was not at work that day and no corrective or disciplinary action was taken.[9]

On March 2, 2009, plaintiff, Jarvis Knighten, was terminated for "not being able to work."[10] Plaintiffs allege that Knighten had a scheduled appearance in court, and GeoEngineering refused to allow him to miss work which resulted in his discharge.

On March 24, 2009, plaintiff, Herbert Jerome Johnson, was constructively discharged. Plaintiffs allege that GeoEngineers deliberately made Johnson's working conditions so intolerable that he was forced to involuntarily resign.[11]

On April 2, 2009, plaintiff, Tracey Jones, was discharged for his "performance"; he had received a satisfactory performance evaluation in late February 2009.[12] Mr. Jones also alleges he was overlooked for a job promotion which was given to a white employee hired after Mr. Jones by a white supervisor.[13]

Plaintiffs allege racial discrimination pursuant to Louisiana Revised Statutes 23:332 (wrongful discharge and deprivation of employment opportunity),[14] 23:301 (discrimination as to terms, conditions or privileges of employment on the basis of race or national origin),[15] harassment and/or

---

[9] Id.

[10] Id., ¶ 18

[11] Id., ¶ 19.

[12] Id., ¶ 20.

[13] Id., ¶ 21.

[14] Id., ¶ 27.

[15] Id., ¶ 28.

hostile work environment pursuant to the Louisiana Employment Discrimination Law,[16] 51:2231 *et seq.* (access to public accommodations),[17] 42 U.S.C. § 1983,[18] 42 U.S.C. § 1988 (attorney fees),[19] Title VII, 42 U.S.C. § 2000 *et seq.*,[20] and intentional infliction of emotional distress pursuant to Louisiana Civil Code article 2315[21] In the supplemental and amended complaint, plaintiffs allege violations of 42 U.S.C. § 1981 as well as claims of retaliation and generalized discrimination.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[22] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[23] The plaintiff's complaint is to be construed in a

---

[16] Id., ¶ 29.

[17] Id., ¶¶ 30, 31 and 32.

[18] Id., ¶ 33.

[19] Id.,

[20] Id.

[21] Id., ¶ 34.

[22] Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

[23] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

5

light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[24] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[25] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[26] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[27] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[28]

Under Rule 8 of the Federal Rules of civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[29] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[30] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[31]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

---

[24] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[25] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[26] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[27] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[28] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[29] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[30] Id.

[31] Id., at 557, 127 S.Ct. 1955.

as true, to "state a claim to relief that is plausible on its face."[32]

## LAW AND ANALYSIS

*42 U.S.C. § 1983*

Defendants maintain that plaintiffs' claims under 42 U.S.C. § 1983 must be dismissed because defendants are not state actors. Section 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful."[33] Plaintiffs concede in their opposition brief that this is correct, and that there was a typographical error in the initial complaint. Accordingly, the court will dismiss all claims pursuant to 42 U.S.C. § 1983.

*Claims by Jarvis Knighten*

Defendants maintain that each of plaintiff, Jarvis Knighten's claims, except the Title VII claim, is prescribed. Plaintiff has asserted claims of discrimination based on Louisiana Revised Statutes 23:301. *et seq.*, 23:303(C), 23:332, 51:2231, *et seq.*, Louisiana Civil Code article 2315, and 42 U.S.C. § 1981, 1988 and 2000.

Louisiana Employment Discrimination Law provides for a one-year prescriptive period.[34] The prescriptive period for intentional and/or negligent infliction of emotional distress is one year.[35] When a federal statute provides a cause of action but offers no specific statute of limitations, courts generally

---

[32] Id., at 570, 127 S.Ct. 1955.

[33] Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 985 (1999)(citing Blum v. Yaretsky, 457 U.S. 991, 1002, 102 S.Ct. 2777, 2785 (1982) (citations omitted).

[34] La.R.S. § 23:303(D).

[35] La. Civ. Code art. 2315, 3492; Nolan v. Jefferson Parish Hosp. Serv. Dist. No.2, 790 So.2d 725 (La.App. 5th Cir. 2001).

look to state law for an analogous limitations period. Under Louisiana state law, a plaintiff has one year from the time an action accrues to bring a personal injury suit.[36] An action accrues when a plaintiff has actual or constructive knowledge of the injury he alleges to have been caused by the defendant.[37] A plaintiff has constructive notice when he "has information sufficient to excite attention and prompt further inquiry."[38]

Mr. Knighten was terminated on March 2, 2009. Defendants maintain that the instant law suit was filed March 5, 2010. Plaintiffs assert that the lawsuit was filed on March 2, 2009 via facsimile. Plaintiffs' counsel has provided a copy of the petition which indicates that the faxed copy was filed on March 2, 2010. Accordingly, defendants' motion to dismiss based on the claims being prescribed will be denied.

*Claims by plaintiffs, Herbert Jerome Johnson and Jarvis Knighten under 42 U.S.C. § 2000e, et seq. (Title VII)*

Defendants maintain that the claim by Messrs. Knighten and Johnson for violations of Title VII are administratively precluded and time-barred. Defendants complain that these plaintiffs failed to file a claim with the EEOC or the Louisiana Commission on Human Rights citing Kiki Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.,[39]

Plaintiffs submits that their original claims were filed in state court pursuant to the Louisiana

---

[36] La.Civ.Code art. 3492.

[37] Helton v. Clements, 832 F.2d 332, 334 (5th Cir. 1987).

[38] Helton, 832 F.2d at 334.

[39] 579 F.3d 546, 549 (5th Cir. 2009)(holding that a Louisiana plaintiff must file a claim with the EEOC or Louisiana Commission on Human Rights within 300 days of the alleged incident).

Employment Discrimination Laws and the action was subsequently removed to federal court. Plaintiffs then assert that the Title VII claims are ancillary to the state discrimination claims. Thus, they argue that the only notice requisite and/or requirement prior to filing suit is found in Louisiana Revised Statute § 23:303(C) which is as follows:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating a court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

Plaintiffs then argue that their filing of the La. R.S. 23:303(C) notice has the same effect as the filing of the EEOC claim, since the matter was germane to Louisiana Discrimination Laws and originally filed in state court. Plaintiffs assert that it would be a miscarriage of justice to deny their Title VII claims because they chose to file their claim in state court. Plaintiffs cite no authority to support their position.

A plaintiff may bring a claim for discrimination under Title VII only if he has filed a claim with the EEOC within 180 day of the alleged unlawful act, or within 300 days if the plaintiff first filed a complaint with a state or local agency.[40] Plaintiffs Knighten and Johnson did not meet the administrative requirement of Title VII, thus all claims made pursuant to Title VII, in either the complaint or amended complaint, are administratively barred and will be dismissed with prejudice.

*Claims against David Sauls and Greg Adams*

Defendants maintain that because defendants Sauls and Adams do not qualify as employers, they cannot be held liable under Title VII or Louisiana Revised Statutes § 23:301, *et seq.*, and 51:2231, *et seq.*, Defendants cite cases which hold that 42 U.S.C. § 2003 *et seq.*, and Louisiana Revised

---

[40] 42 U.S.C. § 2000e-5(e)(1).

9

Statute § 51:2231 do not provide for a cause of action against supervisors in their individual capacities.[41]

Plaintiffs concede that the claims under the Louisiana Employment Discrimination Law cannot be brought against individual employees or officials of an employer, but only against the employer itself,[42] however, plaintiffs maintain that those claims housed in Louisiana tort law can be asserted against the defendants individually and the defendant company can be held vicariously liable. Plaintiffs further argues that defendants Adams and Sauls are liable for harassment, and because they are joint tortfeasors and their joint obligation is indivisible, they are subject to the rules governing solidary obligors.

The court finds that plaintiffs' claims against defendants, Adams and Sauls, under Title VII, Louisiana Revised Statutes § 23:301 *et seq.*, and 51:2231, *et seq.* will be dismissed with prejudice because these claims cannot be brought against individual employees.

*Claims under Louisiana Revised Statute § 51:2231, et seq.*

Defendants maintain that plaintiffs' claims in connection with public accommodations should be dismissed because plaintiffs alleged no injury and because plaintiffs fail to allege any facts that the GeoEngineers facility is a place of public accommodation. Louisiana Revised Statute § 51:2232

---

[41] Harris H20 Spa & Salon, 2007 U.S. Dist. LEXIS 65332, *7-8 (E.D. La. Aug. 31, 2007) (citing Grant v. Lone Star Co., 21 F.3d 649, 651 (5th Cir. 1994)); Galbreth v. BellSouth Telecommunications, Inc., 896 F.Supp. 631, 634 (E.D.La.1995); Desormeaux v. Wackenhut Services, Inc., 1994 U.S. Dist. LEXIS 15384, 1994 WL 58632 at *4 (E.D. La. 8/18/1994); King v. Phelps Dunbar, 716 So.2d 104 (La.App. 4 Cir 6/3/1998), writ granted, 729 So.2d 579 (La.11/25/1998), affirmed in part, vacated in part on other grounds, 743 So.2d 181 (La.6/4/1999), Devillier v. Fidelity & Deposit Co. Of Maryland, 709 So.2d 277, 280 (La.App. 3d Cir. 3/6/1998), 709 So.2d 277, 280, writ denied, 720 So.2d 680 ( La. 6/5/1998).

[42] Plaintiffs' opposition memorandum, p. 13. R. #17.

defines a "place of public accommodation" as follows:

> any place, store, or other establishment, either licensed or unlicensed, which supplies goods or services to the general public or which solicits or accepts the patronage or trade of the general public, or which is supported directly or indirectly by government funds.

Defendants submit that GeoEngineers is a drilling facility. It does not supply goods or services to the general public, nor does it solicit or accept the patronage or trade of the general public, or receive government funding, either directly or indirectly. Defendants further submit that plaintiffs have failed to allege any actual damages with respect to their § 51:2231 *et seq.* claims.

Plaintiffs argue that by forcing them to enter from the rear entrance of the building and refusing to give black employees a key or access to the security codes, defendants are in violation of 51:2231 *et seq.* Plaintiffs further submit that "GeoEngineers, and the Baton Rouge facility in particular, meets the statutory definition, in that it is an establishment that provides services and accepts patronage or trade to the general public and directly or indirectly receives government funds."[43]

Plaintiffs then refer the court to the GeoEngineers website and argues that the company falls squarely within the parameter of the statute. Plaintiffs state that the website illustrates that "GeoEngineers has helped states such as Louisiana build up its marshes and coastland, help [sic] two separate states' [sic] with projects, etc., and illustrate direct, albeit indirect, receipt of government funds."[44]

Defendants argue that just because GeoEngineers maintains a website, its private workshop is not a place of public accommodation. What is fatally absent from plaintiffs' complaint are facts that

---

[43] Plaintiffs' opposition memorandum, p. 14, R. #17.

[44] Id.

11

would establish that the GeoEngineer worksite in question is indeed a place of public accommodation. Furthermore, the complaint failed to allege that plaintiffs suffered any injury for having to use the rear entrance of their workplace.

Defendants' argument states facts and/or makes conclusions to illustrate that GeoEngineers is not a public accommodation, and plaintiffs submit facts to support their position. Both parties are relying on information outside the pleadings. Therefore, the court will convert the motion to dismiss pursuant to Rule 12 to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to this one issue. Plaintiffs will be given time to amend the complaint as to this one issue – public accommodations– and the opportunity to submit evidence and arguments. Defendants will also be given time and opportunity to submit their own evidence and memorandum to support their position. Accordingly, the motion to dismiss the claims under § 51:2231 *et seq.* will be deferred until the parties have submitted their evidence and memoranda.

*Infliction of emotional distress and negligence*

Defendants maintain that plaintiffs' claims of infliction of emotional distress is a negligence action which should be dismissed because the Louisiana Workers' Compensation Laws provide the exclusive remedy for such damages citing Bertaut v. Folger Coffee Co.,[45] Thus, defendants argue that to the extent plaintiffs are attempting to articulate claims for the negligent infliction of emotional distress and/or any injury resulting from the negligence of served defendants, or any co-employees in the course and scope of employment, such claims should be dismissed. The court agrees that claims for "negligent" infliction of emotional distress or negligence to the extent they are alleged should be

---

[45] 2000 U.S. Dist. LEXIS 7936 at *9 (E.D. La. 2000)(negligent infliction of emotional distress claim barred).

dismissed because the workers' compensation laws provide the exclusive remedy.

However, plaintiffs remark that the acts alleged in the complaint against defendants were blatant, intentional acts for which Civil Code article 2315 provides recovery. "Although workers' compensation is the exclusive remedy available to an employee against an employer for work-related injuries, La. R.S. 23:1032(b)[46] provides an exception to this general rule in the event that it arises from an intentional or deliberate act.[47] The motion to dismiss only refers to negligent infliction of emotional distress and negligence. Thus, the issue of whether to dismiss intentional infliction of emotional distress is not before us and will not be considered at this time.

*Mr. Jones' allegations of generalized discrimination and retaliation*

Defendants maintain that any federal claims alleged by Mr. Jones that were not asserted in his EEOC claim are prohibited by law. Plaintiffs argue that it is sufficient to allege facts in the EEOC charge to establish the basis for Mr. Jones' generalized discrimination and retaliation claims. Defendants attach to their supplemental motion to dismiss, the EEOC charge filed by Mr. Jones.[48]

Filing of a charge of discrimination with the EEOC is a condition precedent to the bringing of

---

[46] La.R.S. 23:1032(B) provides that:

    Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

[47] Labbe v. Chemical Waste Management, Inc., 786 So.2d 868 (La.App. 3 Cir. 2001).

[48] In ruling on a Rule 12 Motion, a court may take judicial notice of documents in the public record, including EEOC charges. R2 Invs. LDC v. Phillips, 401 F.3d 638, n.2 (5th Cir. 2005).

13

a civil action under Title VII.[49] "[T]he scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."[50] The purpose of the charge with the EEOC is to trigger investigatory and conciliatory procedures.[51] Only if the EEOC fails to achieve voluntary compliance will the matter become the subject of court action.[52] In other words,"[a]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination."[53]

In the EEOC charge, the applicant is given the opportunity to choose from the following: (1) Race, (2) Color, (3) Sex, (4) Religion, (5) National Origin, (6) Retaliation, (7) Age, (8) Disability, and (9) Other (*Specify below*). The only charge claimed by Mr. Jones is "Race".[54] The particulars are:

> I began my employment with the company on August 28, 2008, as a Roughneck. The Respondent employs over 20 employees. On April 2, 2009, I was terminated.
>
> According to David Sauls, White Male, Manager, I was terminated due to being a problem to the workplace. However, personal action letter stated the reason for termination was my performance. On March 31, 2009, after an argument with Butch (last name unknown) White employee, I was informed by Mr. Sauls that I was suspended pending an investigation. However, Butch (last name unknown) is still working for the company and I was terminated.
>
> I believe I have been discriminated against based on my race, Black, in violation of LSA R.S. 23:301 et seq. and Title VII of the Civil rights Act of 1964, as amended

---

[49] Dent v. St. Louis-San Francisco Railway Co., 406 F.2d 399, 403 (5th Cir. 1969).

[50] Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970).

[51] Id.

[52] Id.

[53] Rush v. McDonald's Corp., 966 F.2d 1104 (7th Cir. 1992).

[54] EEOC charge, dated ?-08-09.

14

respectively.[55]

The charges made by Mr. Jones in his EEOC complaint do not even hint to an allegation of retaliation, failure to promote, harassment, or hostile work environment as made in the complaint, as amended. As noted by defendants, there is no basis to conclude that an investigation of the EEOC charge would have encompassed conduct beyond the specific termination claim described in the charge. Accordingly, the court will grant defendants' motion to dismiss the claims of retaliation, failure to promote, harassment, or hostile work environment for failure to exhaust administrative remedies under Title VII.

*Mr. Jones § 1981 denial of promotion claim*

Defendants maintain that plaintiff Jones' denial of promotion claim is prescribed because Louisiana requires suit to be filed within one year of the adverse employment action. Defendants remark that Plaintiff Jones complained of being denied a promotion to supervisor. Plaintiff does not contest defendant's analysis and conclusion that the Louisiana statute of limitations under the Louisiana Employment Discrimination Law applies and such a claim is subject to a one year prescriptive period. Instead, plaintiff argues that Louisiana's continuing tort doctrine applies and thus prescription does not run until the conduct causing the damages is abated. Plaintiff Jones cites much law concerning the doctrine of a continuing tort, but makes no argument as to how or why the doctrine would apply to a failure to promote claim.

While defendants maintain that the failure to promote is prescribed, there are no factual allegations in the complaint or the supplemental and amending complaint for the court to make such

---

[55] Id.

a determination – such as when the promotion of Jerry, a white male, took place which triggered plaintiff's failure to promote claim.[56] Furthermore, as noted by defendants, the complaint fails to allege sufficient facts for this court to determine if the failure to promote was a discrete act. However, we previously determined that Mr. Jones had failed to make the charge (failure to promote) in his EEOC complaint, and we further concluded that it was therefore administratively barred. It would be futile to allow Plaintiff Jones to amend his complaint to allege facts regarding the timing of the incident and/or whether the failure to promote was a discrete act. Thus, the motion to dismiss this claim as prescribed will be denied as moot.

## CONCLUSION

For the reasons set forth above, the motions to dismiss will be granted in part and denied in part: the motion is granted to the extent that all 42 U.S.C. § 1983 claims against all defendants will be dismissed with prejudice, all Title VII claims against plaintiffs, Knighten and Johnson will be dismissed with prejudice, all claims under Title VII, Louisiana Revised Statutes § 23:301, *et seq.*, and 51:2231, *et seq.*, against defendants David Sauls and Greg Adams will be dismissed with prejudice; the claims under Louisiana Revised Statute § 51:2231, *et seq.*, made against all defendants are deferred; negligent infliction of emotional distress and/or any negligence claims against all defendants will be dismissed; plaintiff, Mr. Jones' claims of retaliation, failure to promote, harassment, or hostile work environment will be dismissed for failure to exhaust administrative remedies; Mr. Jones' discriminatory termination claim under Title VII remains a viable claim. The motion to dismiss will be denied as moot as to Mr. Jones' failure to promote claim; the motion to dismiss will be denied as

---

[56] See ¶ 21 of the Complaint, R. #1.

to the allegation that Mr. Knighten's state law claims are prescribed.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of April, 2011.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE