# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

# BATON ROUGE DIVISION

| | | |
|---|---|---|
| TRACY JONES, ET AL | : | DOCKET NO. 3:10-232 |
| VS. | : | JUDGE TRIMBLE |
| GEOENGINEERS, INC., ET AL | : | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion to dismiss (R. #5) filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendants, GeoEngineers, Inc., Greg Adams, and David Sauls wherein these defendants seek to dismiss plaintiffs' claims brought pursuant to Louisiana Revised Statute § 51:2231, *et seq.* involving public accommodations. On April 8, 2011, the undersigned issued a Memorandum Ruling and Judgment wherein the issue regarding public accommodations was deferred; plaintiffs were allowed to amend their complaint, and present evidence and arguments to support this cause of action. Plaintiffs' have now amended their complaint[1] and submitted their evidence and arguments, thus the court will now consider defendants' motion to dismiss this cause of action.

## FACTUAL STATEMENT

For a complete recitation of the facts, see the factual statement in the Memorandum Ruling dated April 8, 2011.[2]

---

[1] R. #46.

[2] R. #42.

# RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[3] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[4] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[5] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[6] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[7] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[8] "[T]he complaint must contain either direct allegations on

---

[3] Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

[4] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[5] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[6] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[7] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[8] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[9]

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[10] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[11] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[12]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[13]

## LAW AND ANALYSIS

Plaintiffs have asserted a claim against GeoEngineering pursuant to Louisiana Revised Statute 51:2231, *et seq*. Specifically, plaintiffs allege that the GeoEngineering facility is a place of public accommodation and thus actionable under the statute. In their complaint, as amended, plaintiffs, who are black employees, allege that they were forced to enter the building from the rear entrance, and that their employer refused to give them keys or access to the security codes, when similarly situated white employees were given both keys and access to the security codes, all in violation of Louisiana Revised Statute § 51:2231 *et seq*.

---

[9] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[10] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[11] Id.

[12] Id., at 557.

[13] Id., at 570.

3

Plaintiffs argue that GeoEngineers, and the Baton Rouge facility in particular is an establishment that provides services and accepts patronage or trade to the general public and directly or indirectly receives government funds. Plaintiffs rely on the GeoEngineers' website which lists four government projects that allegedly link the company with governmental funding.[14]

Defendants maintain that the facts alleged by plaintiffs as violating the Human Rights Act do not relate to any status of GeoEngineers as a "place of public accommodation," but instead relates to GeoEngineers' status as Plaintiffs' former employer. Thus, defendants argue that the Act does not provide a cause of action for employment discrimination: such claims are addressed in the Louisiana Employment Discrimination Law, specifically, Louisiana Revised Statute 23:301 *et seq*. Defendants also assert that plaintiffs have not satisfied their burden of showing that GeoEngineers is a "place of public accommodation" as contemplated by the Human Rights Act. Hence, Plaintiffs' claims of alleged mistreatment in employment is not a public accommodations violation, is not addressed by the Human Rights Act, and the public accommodations claims should be dismissed. Alternatively, defendants assert that the statute is unenforceable because of vagueness.

Defendants argue that because plaintiffs' allegations are entirely encompassed within the scope of their status as employees, they must make their complaints under the Employment Discrimination Law and not under the Human Rights Act.[15]

The Human Rights Act maintains a very clear distinction between discrimination in

---

[14] The four (4) projects include (1) Bayou Shoreline Protection & March Creation in Vermillion Parish, Louisiana, (2) Rigolets Pass Bridge Geotechnical Investigation in New Orleans, Louisiana, (3) East Orleans Landbridge in New Orleans, Louisiana, and (4) FEMA Hurricane Recovery Soil Testing in New Orleans, Louisiana.

[15] See Smith v. Parish of Washington, 318 F.Supp.2d 366, 371-373 ( E.D. La.2004).

employment and discrimination in public accommodations. The Act explains that an individual who is aggrieved by any "unlawful practice" may seek a remedy from the Louisiana Commission on Human Rights.[16] An " '[u]nlawful practice' means a discriminatory practice in connection with employment, [or] a discriminatory practice in connection with public accommodations, or any other practice prohibited by this Chapter."[17]

Louisiana law provides a specific cause of action for discrimination in employment under the Employment Discrimination Law, distinct and apart from the Human Rights Act.[18] Thus, the Human Rights Act no longer provides any cause of action for discrimination in employment.[19]

Employment discrimination is now handled under the Employment Discrimination Laws. As noted by defendants, the law is clear that employment discrimination complaints are to be made under the Employment Discrimination Law, thus plaintiffs' claim under the Human Rights Act for employment discrimination with respect to public accommodations is not cognizable under the state public accommodations statute (La. R.S. § 51:2247).

Alternatively, defendants maintain that plaintiffs have failed to assert a cognizable claim because there is no nexus between what has allegedly been denied to plaintiffs and what is "public" about the alleged place of public accommodation.

Defendants remark that the purpose of the laws prohibiting discrimination in public places

---

[16] La. R.S. § 51:2257(A).

[17] La. R.S. § 51:2232(13).

[18] See La. R.S. 23:301, *et seq.*, La. R.S. 51:2231, *et seq.*, Smith v. Parish of Washington, 318 F.Supp.2d 366, 371 (E.D.La.2004).

[19] Id.

is to ensure that all persons have access to what other persons as members of the public have access to. Thus, they argue that to be actionable under the public accommodations laws, a claim must be premised on the denial of equal access to something that is public – that is, to which other members of the public have equal access to, without impermissible discrimination. Courts require some 'nexus' between the physical place of public accommodation and the services denied in a discriminatory manner.[20]

Plaintiffs posit that because GeoEngineers is "supported" by government funds, it is a place of public accommodation. Defendants argue that there is no nexus between the "public" characteristic and the denial of access as complained of by plaintiffs. We agree. Plaintiff's complaint of not having access to certain keys and/or passcodes, are by their very nature not public. Thus, there is no nexus between public accommodations and the complained of conduct. Furthermore, the GeoEngineers' facility is a drillshop, not open to the public, nor do we find that GeoEngineers is "supported" by the government as maintained by plaintiffs. As noted by defendants, while GeoEngineers does contract various engineering services in exchange for compensation with the government, such private contracts do not equate to being "supported by" government funds.

Finally, defendants assert that the term "supported directly or indirectly by" government funds is void or unenforceable for vagueness. Because we have concluded that plaintiffs' claim for employment discrimination under the Human Rights Act is not actionable, and there is no nexus between the "public" characteristic and the denial of access as complained of by plaintiffs, we will

---

[20] Menkowitz v. Pottstown Memorial Medical Center, 154 F.3d 119, 120,122 (3rd Cir. 1998).

not address this final argument by defendants at this time.

## CONCLUSION

For the reasons set forth above, the supplemental motion to dismiss plaintiffs' claims in connection with public accommodations under Louisiana Revised Statute § 51:2231 *et seq.* will be dismissed with prejudice.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of June, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE